**Jane L. Moisan**, OSB No. 181864
peopleslawproject@gmail.com
PEOPLE'S LAW PROJECT
818 S.W. 3rd Avenue #221-3789
Portland, OR 97204
Phone (971) 258-1292

**Juan C. Chavez**, OSB No. 136428
Email: jchavez@ojrc.info
**Franz Bruggemeier**, OSB No. 163533
Email: fbruggemeier@ojrc.info
**Jonny Gersten**, OSB No. 174131
jgersten@ojrc.info
OREGON JUSTICE RESOURCE CENTER
PO Box 5248
Portland, Oregon 97208
Telephone: (503) 944-2270 x204
Facsimile: (971) 279-4748


Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION


| | |
|---|---|
| **HEATHER-LYNNE VAN WILDE**, | **Case No. 3:22-cv-01244** |
| Plaintiff, | COMPLAINT |
| v. | The Americans with Disabilities Act (42 U.S.C. §§ 12131-12134) |
| **CITY OF PORTLAND, a municipal corporation, Portland Police Bureau ("PPB") Police Officer ("P.O.") JOHN DOE (the names John Doe being fictitious, as the true name and shield number is not presently known), in his individual capacity,** | Section 504 of the Rehabilitation Act (42 U.S.C. §§ 794, 794a)<br>The Civil Rights Act of 1871 (42 U.S.C. § 1983)<br>Oregon Torts Claim Act (ORS 30.265) |
| Defendants. | JURY TRIAL DEMANDED |

Plaintiff, by and through her attorneys, does hereby state and allege:

## PRELIMINARY STATEMENT

This is an action brought to vindicate Plaintiff's rights under the Americans with Disabilities Act (42 U.S.C. §§ 12131-12134), Section 504 of the Rehabilitation Act (42 U.S.C. §§ 794, 794a); the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983; with pendant claims under the laws of the State of Oregon.

Plaintiff HEATHER-LYNNE VAN WILDE is a disabled veteran and independent journalist who covered the George Floyd protests in the summer of 2020. Plaintiff Van Wilde uses a walker as an assistive device. On August 9, 2020, Plaintiff Van Wilde submitted a reasonable accommodation request pursuant to federal law to Defendant City and the Portland Police Bureau (PPB) requesting minor modifications of PPB crowd dispersal practices in order to prevent PPB from causing her injury while she covered the protests. In substance, Plaintiff Van Wilde's requested modifications asked nothing greater that what existing lawful protections should already have afforded her.

On August 23, 2020's, Plaintiff Van Wilde's rights were violated when Defendant City ignored her prior requests for accommodation of her disabilities during protest dispersals, and when Defendant Police Officer John Doe caused her physical and mental harms by intentionally throwing her walker over ten (10) feet out of her reach.

By reason of Defendants' actions, Plaintiff was deprived of her rights. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This case is brought pursuant to the Americans with Disabilities Act (42 U.S.C. §§ 12131-12134), Section 504 of the Rehabilitation Act (42 U.S.C. §§ 794, 794a); and 42 U.S.C. § 1983 and § 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States; with pendant claims under the Laws of the State of Oregon.

1.      This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiff's federal law claims and arise out of a common nucleus of facts. Plaintiff's state law claims are related to their federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution. Jurisdiction is also conferred under 28 U.S.C. § 1343.

2.      Plaintiff submitted a Notice of Claim pursuant to ORS 30.275 *et seq* ("OTCA") on January 26, 2020, and within 180 days of the incident. Plaintiff has complied with all necessary obligations under the OTCA.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon, and because Defendants are subject to personal jurisdiction in the District of Oregon.

## II. PARTIES

4.      For all relevant times, Plaintiff Heather-Lynne Van Wilde (she/they) was a resident of the State of Oregon and Multnomah County.

5.      Defendant City of Portland ("City") is a municipal entity created and authorized under the laws of the State of Oregon. The City is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

As a local governmental entity, the City is a suable person under 42 U.S.C. § 1983. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attached to the public consumers of the services provided by the PPB. Per ORS 30.285(1), the City must indemnify its officers for their tortious acts and is therefore liable for the purposes of this action.

6.      Defendant Portland Police Bureau Police Officer (P.O.) John Doe (hereinafter "P.O. John Doe") is and was for all relevant times a police officer employed by the City's Portland Police Bureau ("PPB") and is being sued in his individual capacity.

7.      At all times relevant herein, the Defendant P.O. John Doe was acting under color of state law in the course and scope of his duties and functions as an agent, servant, employee, and officer of PPB and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. He was acting for and on behalf of the PPB at all times relevant herein, with the power and authority vested in him as an officer of the PPB and incidental to the lawful pursuit of his duties as such.

8.      Defendant P.O. John Doe is named herein under a pseudonym for the reason that his true name and identity are not presently known to Plaintiff. Plaintiff intends to amend this lawsuit upon learning Defendant P.O. John Doe's true identity in order to name him as a party under his true name.

### III. FACTUAL ALLEGATIONS

9.      Plaintiff Heather-Lynne Van Wilde ("Van Wilde") is a disabled Veteran of the United States Air Force. She is disabled within the meaning of the Americans with Disabilities Act, including a service-related condition of chondromalacia patella diagnosed in 2005, and traumatic arthritis requiring the use of a walker as a mobility device.

10.     On or around June 11, 2020, Plaintiff Van Wilde became involved in racial justice protests that commenced after the murder of a Black man named George Floyd at the hands of Minneapolis police officer Derick Chauvin. Plaintiff participated in the nightly protests as an independent journalist, regularly attending and livestreaming with a focus on police conduct.

11.     On or around August 9, 2020, Plaintiff Van-Wilde submitted a reasonable accommodation request pursuant to Title II to Defendant City and to the Portland Police Bureau via electronic mail to City and PPB officials.

12.     Plaintiff Van Wilde specifically requested that, in light her of disabilities impacting her mobility and preventing her from rapidly dispersing protest zones, (1) PPB expressly exempt media in orders to disperse; (2) she be provided sufficient time and space to safely comply with any dispersal orders; and (3) she be provided assistance to escort her out of the protest zone in the event that a rapid dispersal should be ordered.

13.     Plaintiff Van Wilde additionally described her appearance so that law enforcement could easily identify her by sight, stating, "I always use my walker when I am working, and when I'm in situations where police are deployed, I wear a distinctive pink helmet with clear, black "PRESS" markings on each side."

14.     Upon information and belief, Defendant City ignored Plaintiff Van Wilde's request, provided no response to Plaintiff, and made no modifications to its law enforcements policies, practices, or programs to accommodate Plaintiff's request, despite the knowledge that its practices placed Plaintiff Van Wilde at a high risk of harm on the basis of her protected status.

15.     On August 23, 2020, at or around 10:00 p.m., Plaintiff Van Wilde arrived at the location designated for the evening's protest, which was the Portland Police North Precinct located at 449 NE Emerson Street in Portland, Oregon. Having arrived prior to the arrival of the

protest, Plaintiff Van Wilde set up her camera to record across the street from the Precinct and in front of the Blazer's Boys and Girls Club located on the corner of NE Martin Luther King, Jr. Boulevard and NE Emerson Street.

16.     Plaintiff Van Wilde wore a lanyard with a Press Pass inside and a bright pink hard hat with "PRESS" in two (2) inch tall black letters on each side. A "selfie stick" mounted her camera to her walker. She was clearly identifiable as a member of the media.

17.     As the protest gathered on NE Martin Luther King, Jr. Boulevard, Plaintiff Van Wilde moved from the sidewalk area to the steps of the Boys and Girls Club in order to leave the sidewalk clear for eventual dispersal and to stay as far out of the way of the protesters as she believed possible. She remained seated on the steps of the Boys and Girls Club with a group of other members of the media and legal observers until she was ultimately forced to evacuate.

18.     Because Plaintiff Van Wilde was unable to understand the announcements made PPB at the scene, she monitored the PPB Twitter account for crowd control instructions. At or around 11:09 p.m., the account issued a Tweet instructing that, "All persons must leave to the SOUTH." From prior experience, Plaintiff Van Wilde understood that when the PPB wanted to order media to disperse, the Tweet would expressly name the media. Because this Tweet did not expressly name the media, she remained seated and continued to record the protest from the stairs.

19.     At or around 11:30 p.m., PPB Officers came on foot down NE Emerson Street toward NE Martin Luther King, Jr. Boulevard obscured in smoke and charged at the center of the protest.

20.     As Plaintiff Van Wilde began getting up from her seated position, Defendant P.O. John Doe grabbed her walker and, without provocation or justification, threw it out of her reach and about ten (10) to fifteen (15) feet away from her.

21.     At no relevant time did Plaintiff Van Wilde pose any threat to person or property, nor did Defendant P.O. John Doe have reason to believe Plaintiff had committed or would imminently commit any crime.

22.     Defendant P.O. John Doe's conduct in depriving Plaintiff Van Wilde of her walker prohibited Plaintiff from accessing any egress in a safe or rapid manner and instead confined and restrained her movement.

23.     Plaintiff Van Wilde attempted to stand and go toward her walker but could not. In attempting to regain possession of her walker, Plaintiff Van Wilde was experience fear for her safety, disorientation and was caused to fall, injuring her right knee and left shoulder and landing with her face and chest on the concrete sidewalk. The impact of her fall additionally caused the seal of the gas mask she was wearing to break.

24.     Due to the resulting exposure to tear gas, Plaintiff Van Wilde suffered immediate pain from the burning and watering of her eyes, loss of vision, discharge of mucous from her nose, uncontrollable coughing, and further fear and disorientation. Plaintiff Van Wilde suffered effects of the gas including a sore throat for three (3) days following the incident.

25.     Plaintiff Van Wilde received assistance from another member of media in order to regain her walker. She was then assisted by medics to evacuate and to get home.

26.     Upon information and belief, when Defendant P.O. John Doe targeted Plaintiff Van Wilde, she was among a group of other members of the media and Legal Observers who

were not visibly disabled. Upon information and belief, other members of the media and Legal

Observers were also within arms' reach of Defendant P.O. John Doe and yet were not targeted.

27.    Defendant P.O. John Doe remained near Plaintiff Van Wilde yet made no attempt

to arrest or to direct the arrest of Plaintiff Van Wilde.

28.    Defendant P.O. Officer John Doe stood in the area ignoring and not responding to

Plaintiff Van Wilde as she lay face down on the sidewalk and struggling to regain her walker.

29.    The seizure of Plaintiff Van Wilde's walker was not reasonably related to any

safety concerns or public order concerns of Defendant P.O. John Doe.

30.    Upon information and belief, Defendant P.O. John Doe intentionally targeted

Plaintiff Van Wilde on the basis of her disability knowing that to do so would put her at risk of

serious physical injury, and intentionally treating her differently than other members of the

media and Legal Observers in her immediate vicinity who were not visibly disabled. Upon

information and belief, in acting to deprive Plaintiff Van Wilde of her assistive device,

Defendant P.O. John Doe knew and chose to ignore the high risk of harm such an action

foreseeably posed.

31.    Defendant City had notice and knew or should have known that Plaintiff Van

Wilde was a person with disabilities and knew or should have known of the high likelihood that

a failure to respond to her reasonable accommodation request would result in physical and

mental harm. Despite this knowledge, Defendant City deliberately refused to act and failed to

respond in any way to Plaintiff Van Wilde's August 9, 2020 reasonable accommodation request.

32.    Upon information and belief, Defendant City had notice of repeated incidents

wherein PPB dispersed protests without providing reasonable opportunity for those with mobility

disabilities to disperse and that these incidents foreseeably resulted in injuries. Upon information

and belief, Defendant City knew or should have known its law enforcement policies and practices of crowd dispersal prohibited individuals with mobility-related disabilities equal access to the City's services, programs, and activities.

33.    In deliberately ignoring Plaintiff Van Wilde's August 9, 2020, reasonable accommodation request and by intentionally and forcibly removing Plaintiff Van Wilde's assistive device, Defendants denied Plaintiff Van Wilde the benefit of the City's services, programs, and activities.

34.    As a result of the seizure of Plaintiff Van Wilde's walker, Plaintiff Van Wilde was rendered unable to see and therefore unable to continue to document and provide coverage of the protest and was forced to leave the scene and cease journalistic activities.

35.    As a result of Defendant City's failure to respond to Plaintiff Van Wilde's request for reasonable accommodation, and its failure to implement adequate policies; and as a result of Defendant P.O. John Doe's conduct, Plaintiff Van Wilde suffered humiliation, oppression, and fear for her physical safety, and suffered immediate physical harms and long-term mental harms.

## IV.

## FIRST CLAIM FOR RELIEF

### Violation of Title II of the ADA
### *Pursuant to 42 U.S.C. §§ 12131 et seq. Against Defendant City*

36.    Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

37.    Title II of the ADA and its implementing regulations provide that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §§ 12132 ("Title II"); 28 C.F.R. § 35.1130. The

requirements of Title II extend to "anything a public entity does," including law enforcement interactions. 28 C.F.R. § 35, app. B.

38.    The City and its law enforcement agencies, including PPB, have an affirmative obligation to make its benefits, services, and programs accessible to people with disabilities, including making reasonable modifications in policies, practices and procedures when the modification is necessary to avoid discrimination on the basis of disability. 28 C.F.R. §35.130(b)(7)(i). "The general regulatory obligation to modify policies, practices, or procedures requires law enforcement to make changes in policies that result in discriminatory …abuse of individuals with disabilities." 28 C.F.R. pt. 35, app B.

39.    Defendant P.O. John Doe violated Plaintiff's rights when he singled Plaintiff out of a group of members of the media and Legal Observers who were not visibly disabled and knowingly and intentionally deprived Plaintiff of her walker and caused Plaintiff mental and physical harms on the basis of her protected status. The seizure of Plaintiff Van Wilde's walker was not reasonably related to any safety concerns or public order concerns.

40.    Defendant P.O. John Doe further violated Plaintiff's rights by remaining in the vicinity with the opportunity to restore her walker to her, yet instead stood in the area ignoring and not responding to Plaintiff Van Wilde as she lay face down on the sidewalk.

41.    Upon information and belief, Defendant intentionally targeted Plaintiff Van Wilde on the basis of her disability knowing that to do so would put her at risk of serious physical injury, and intentionally treating her differently than other members of the media and Legal Observers in her immediate vicinity who were not visibly disabled. Upon information and belief, in acting to deprive Plaintiff Van Wilde of her assistive device, Defendant knew and chose to ignore the high risk of harm such an action foreseeably posed.

42.     Defendant City violated Plaintiff's rights when it failed to respond to Plaintiff's multiple requests for modification of PPB practices for dispersing protests.

43.     Defendant City had notice and knew or should have known that Plaintiff Van Wilde was a person with disabilities and knew or should have known of the high likelihood that a failure to respond to her reasonable accommodation request would result in physical and mental harm. Plaintiff identified to Defendant City specific, reasonable and necessary accommodations. Despite this knowledge and the reasonableness of Plaintiff's request, the City deliberately refused to act and failed to respond in any way to Plaintiff Van Wilde's accommodation request.

44.     Upon information and belief, Defendant City had notice of repeated incidents wherein PPB dispersed protests without providing reasonable opportunity for those with mobility disabilities to disperse. Plaintiff's request for a modification would not have posed an undue burden upon Defendant City because *inter alia* Defendant City was already under court order to refrain from dispersing members of the media lawfully conducting themselves, which Plaintiff was.

45.     In deliberately ignoring Plaintiff Van Wilde's reasonable accommodation request and in forcibly removing Plaintiff Van Wilde's assistive device, Defendant City's police officers, and specifically Defendant P.O. John Doe, denied Plaintiff Van Wilde the benefit of the City's services, programs, and activities.

46.     As a result of the conduct of Defendants, Plaintiff was rendered unable to see and therefore unable to continue to document and provide coverage of the protest and was forced to leave the scene and cease journalistic activities.

47.     As a result of Defendant City's failure to respond to Plaintiff Van Wilde's request for reasonable accommodation, and its failure to implement adequate policies; and as a result of Defendant P.O. John Doe's conduct, Plaintiff Van Wilde suffered humiliation, oppression, and fear for her physical safety, and suffered immediate and long-term physical and mental harms.

48.     Plaintiff is entitled to compensatory damages and attorney fees, costs and disbursements against Defendant City.

### SECOND CLAIM FOR RELIEF

**Violation of Section 504 of the Rehabilitation Act**
*Pursuant to 29 U.S.C. §§ 794 et seq. Against Defendant City*

49.     Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

50.     Section 504 and its implementing regulations provide that "[N]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance . . ." 29 U.S.C. § 794.

51.     Plaintiff is qualified to participate in the services, programs, or activities that are provided by Defendant City, a recipient of federal assistance, and its law enforcement agencies.

52.     Plaintiff is unable to disperse quickly or respond in the same way to police commands, putting her at significant risk of violence from Defendant City's law enforcement personnel.

53.     Defendant City's crowd management directives and other measures constitute programs and/or activities. By failing to establish crowd management measures that permit individuals with mobility disabilities an opportunity to avoid harm by police during crowd dispersal practices, Defendant City denied Plaintiff meaningful access to that service.

54.     Defendant P.O. John Doe violated Plaintiff's rights when he singled Plaintiff out of a group of members of the media and Legal Observers who were not visibly disabled and knowingly and intentionally deprived Plaintiff of her walker and caused Plaintiff mental and physical harms on the basis of her protected status. The seizure of Plaintiff Van Wilde's walker was not reasonably related to any safety concerns or public order concerns of Defendant P.O. John Doe.

55.     Defendant P.O. John Doe further violated Plaintiff's rights by remaining in the vicinity with the opportunity to restore her walker to her, yet instead stood in the area ignoring and not responding to Plaintiff Van Wilde as she lay face down on the sidewalk.

56.     Defendant City's law enforcement officers subjected Plaintiff to force and abuse because they mistook Plaintiff's inaction, or delayed action, or slowed action in response to orders to disperse and other commands with refusal to comply.

57.     Upon information and belief, Defendant P.O. John Doe intentionally targeted Plaintiff Van Wilde on the basis of her disability knowing that to do so would put her at risk of serious physical injury, and intentionally treating her differently than other members of the media and Legal Observers in her immediate vicinity who were not visibly disabled. Upon information and belief, in acting to deprive Plaintiff Van Wilde of her assistive device, Defendant P.O. John Doe knew and chose to ignore the high risk of harm such an action foreseeably posed.

58.     Defendant City violated Plaintiff's rights when it failed to respond to Plaintiff's multiple requests for modification of PPB practices for dispersing protests.

59.     Defendant City had notice and knew or should have known that Plaintiff Van Wilde was a person with disabilities and knew or should have known of the high likelihood that

a failure to respond to her reasonable accommodation request would result in physical and mental harm. Despite this knowledge, the City deliberately refused to act and failed to respond in any way to Plaintiff Van Wilde's accommodation request.

60.     Upon information and belief, Defendant City had notice of repeated incidents wherein PPB dispersed protests without providing reasonable opportunity for those with mobility disabilities to disperse. Plaintiff's request for a modification would not have posed an undue burden upon Defendant City because *inter alia* Defendant City was already under court order to refrain from dispersing members of the media lawfully conducting themselves, which Plaintiff was.

61.     In deliberately ignoring Plaintiff Van Wilde's reasonable accommodation request and in forcibly removing Plaintiff Van Wilde's assistive device, Defendant City's police officers, and specifically Defendant P.O. John Doe, denied Plaintiff Van Wilde the benefit of the City's services, programs, and activities.

62.     As a result of Defendant P.O. John Doe's conduct, Plaintiff was rendered unable to see and therefore unable to continue to document and provide coverage of the protest and was forced to leave the scene and cease journalistic activities.

63.     As a result of Defendant City's deliberate indifference and reckless disregard in failing to modify its services, programs, and activities, and its failure to implement adequate policies; and as a result of Defendant P.O. John Doe's conduct, Plaintiff Van Wilde suffered humiliation, oppression, and fear for her physical safety, and suffered immediate and long-term physical and mental harms.

64.     Pursuant to 29 U.S.C. § 794(a), Plaintiff is entitled to compensatory damages and attorney fees, costs and disbursements against Defendant City.

### THIRD CLAIM FOR RELIEF

**Procedural Due Process Claim in Violation of the Fourteenth Amendment**
***Pursuant to 42 U.S.C. § 1983 Against Defendant P.O. John Doe***

65.     Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

66.     Plaintiff was engaged in constitutionally protected conduct including filming police conduct during protests of local, national and international importance. As alleged *supra*, excessive and nonprivileged use of force was taken with the intent to target Plaintiff on the basis of her disability and to seize and detain Plaintiff, and to damage Plaintiff's property without lawful justification, and with knowledge of the risk that the conduct would result in foreseeable mental and physical harms. The Defendant P.O. John Doe persisted in the above-described conduct with deliberate indifference to these known harms and risks of harms.

67.     Defendant P.O. John Doe, under color of state law, subjected the Plaintiff to the foregoing acts and omissions, thereby depriving Plaintiff of her rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution, including, without limitation, deprivation of liberty and property without due process of law.

68.     Defendants' deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth herein.

69.     At all times material, the law was clearly established that Defendant's conduct, in the manner and under the circumstances used against Plaintiff, was objectively unreasonable and any reasonable law enforcement officer would have known that the conduct was unreasonable and violated her clearly established rights. Defendant's conduct was well-defined by law and

Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

70.    Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's rights.

71.    As a direct and proximate result of the conduct of the Defendant P.O. John Doe, Plaintiff suffered interference with her rights, emotional distress, outrage, betrayal, offense, indignity and insult, and physical harms including exposure to tear gas and injury to her shoulder and knee as described *supra*.

72.    Plaintiff is entitled to an award of compensatory damages and reasonable attorney fees and costs under 42 U.S.C. § 1988. Plaintiff is entitled to an award of punitive damages against Defendant P.O. John Doe to punish and deter them and others from similar deprivations of constitutional rights in the future.

**FOURTH CLAIM FOR RELIEF**

**Excessive Force in Violation of the Fourth Amendment**
***Pursuant to 42 U.S.C. § 1983 Against Defendant P.O. John Doe***

73.    Plaintiff incorporates by referenced the allegations set forth *supra* as if set forth fully herein and further alleges:

74.    Plaintiff is entitled to be free from unlawful seizure of their person pursuant to the parameters of the Fourth Amendment to the United States Constitution. Defendant P.O. John Doe violated Plaintiff's seized and detained her in an unreasonable manner and without lawful justification.

75.    Plaintiff was seized without lawful basis by Defendant P.O. John Doe intentionally and through the use of force and threat of physical harm terminated Plaintiff's freedom of movement and caused her physical harm. Defendant committed these acts without

forewarning or a proportional threat, and as a result, Defendant was objectively unreasonable and constituted unlawful seizure and excessive force.

76.     At all times material, the law was clearly established that Defendant P.O. John Doe's use of force, in the manner and under the circumstances used against Plaintiff, was objectively unreasonable and any reasonable law enforcement officer would have known that the force used against Plaintiff was unreasonable and violated her clearly established Fourth Amendment rights. Defendant's conduct was well-defined by law and Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

77.     Defendant's conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's Fourth Amendment rights.

78.     As a direct and proximate result of Defendant's unconstitutional and retaliatory acts, Plaintiff suffered physical injury and mental harms, outrage, betrayal, offense, indignity and insult causing damage in amounts to be determined at trial.

79.     Plaintiff is entitled to an award of compensatory damages and reasonable attorney fees and costs under 42 U.S.C. § 1988, and punitive damages against Defendant P.O. John Doe to punish and deter them and others from similar deprivations of constitutional rights in the future.

## FIFTH CLAIM FOR RELIEF

### Assault, a Claim Arising Under ORS 30.265 Against Defendant City

80.     Plaintiff incorporates by referenced the allegations set forth *supra* as if set forth fully herein and further alleges:

81.     In taking the actions described above, including but not limited to Defendant P.O.

John Doe's conduct in forcibly depriving Plaintiff of her walker, Defendant P.O. John Doe intentionally attempted to engage in harmful or offensive contact with Plaintiff while having the present ability and opportunity to actually engage in the intended harmful or coercive contact.

82.    The conduct of Defendant P.O. John Doe as alleged above was discriminatory and unreasonable under the circumstances and was not otherwise privileged or justified under ORS 161.205 *et seq.*

83.    As a direct result of the conduct of Defendant P.O. John Doe, Plaintiff experienced mental harms including fear, humiliation, trauma, and oppression, and physical injuries including tear gas exposure and injury to Plaintiff's shoulder and knee.

84.    Defendant City is vicariously and directly liable to Plaintiff for the conduct of Defendant P.O. John Doe and the acts and omissions as alleged herein. Plaintiff is entitled to an award of economic and non-economic damages in an amount to be proven at trial and not to exceed $250,000.

### SIXTH CLAIM FOR RELIEF

### Battery, a Claim Arising Under ORS 30.265 Against Defendant City

85.    Plaintiff incorporates by referenced the allegations set forth *supra* as if set forth fully herein and further alleges:

86.    As described *supra*, Defendant P.O. John Doe acted with the intent to cause harmful or offensive contact with Plaintiff.

87.    As a direct or indirect result of the conduct of Defendant P.O. John Doe, Plaintiff was caused harmful or offensive contact and Plaintiff experienced mental harms including fear, humiliation, trauma, and oppression, and physical injuries including tear gas exposure and injury to Plaintiff's shoulder and knee.

88.    The conduct of Defendant P.O. John Doe as alleged above was discriminatory, served no lawful purpose, and was unreasonable under the circumstances, and was not otherwise privileged or justified under ORS 161.205 *et seq*.

89.    Defendant City is vicariously and directly liable to Plaintiff for the conduct of Defendant P.O. John Doe and the acts and omissions as alleged herein. Plaintiff is entitled to an award of compensatory damages in an amount to be proven at trial and not to exceed $250,000.

## JURY DEMAND

90.    Plaintiff requests a trial by jury in this action on each and every one of her damages claims.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants jointly and severally and prays for relief as follows:

a.    An award for compensation for violation of her rights as alleged above;

b.    An award of punitive damages against Defendant P.O. John Doe on Plaintiff's Fourth and Fourteenth Amendment claims;

c.    An award of attorneys' fees, costs, and disbursements, as pleaded above; and

d.    For such other relief as the Court may deem just and proper.

Dated: August 23, 2022.

Respectfully submitted,

By: /s/ Jane L. Moisan
Jane L. Moisan, OSB No. 181864
PEOPLE'S LAW PROJECT
Juan C. Chavez, OSB No. 136428
Franz Bruggemeier, OSB No. 163533
Jonny Gersten, OSB No. 174131
OREGON JUSTICE RESOURCE CENTER

*Attorneys for Plaintiff*